# MEMORANDUM OPINION

April 9, 2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

In re:

WEBB MTN, LLC                                    Case No. 07-32016
                                                 Chapter 11
        Debtor

WEBB MTN, LLC

        Plaintiff

v.                                               Adv. Proc. No. 08-3070

EXECUTIVE REALTY
PARTNERSHIP, L.P.,
GERALD FRANKLIN, TRUSTEE,
GREENBRIER DEVELOPERS, LLC,
M&A ENTERPRISES, INC., and
KENNETH WHALEY

        Defendants

BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

    FOR PLAINTIFF/DEBTOR:

    MAURICE K. GUINN, ESQ.
    Post Office Box 1990
    Knoxville, Tennessee 37901

APPEARANCES (continued):

FOR DEFENDANTS:

THOMAS H. DICKENSON, ESQ.
Post Office Box 869
Knoxville, Tennessee  37901-0869

2

1  THE COURT: I thought all issues were fully explored in the Motion for
2  Partial Summary Judgment filed by Webb Mtn and the Cross Motion for Partial
3  Summary Judgment filed by the Defendants, together with the Defendants' Amended
4  Motion to Dismiss, but the Defendants filed another motion on March 3, 2009, a
5  Motion by Defendants for Judgment on the Pleadings as to Counts XII and XIII of the
6  Amended Complaint. When we got through with the other motions, Counts XI, XII,
7  and XIII of the Amended Complaint remained viable and then this Motion for
8  Judgment on the Pleadings was filed. I do not intend to rehash all the facts. The
9  parties are familiar with them and I set them out in fairly extensive detail in the
10  February 11, 2009 Memorandum dealing with the dismissal motion and respective
11  summary judgment motions. It is a pretty narrow issue that the Defendants have
12  raised in the present motion. Reading from that motion:
13  Defendants aver that both Counts XII and XIII are predicated
14  upon the Plaintiff's utilization of 11 U.S.C. § 544, combined
15  with Tennessee's fraudulent conveyance statute, to avoid certain
16  transfers that occurred on September 18, 2007, a date that was
17  three months after the date of the filing of the Debtor's petition.
18  Defendants further aver that 11 U.S.C. § 544 may only be
19  utilized by the Trustee (or here, Debtor in Possession) to avoid
20  transfers that occurred prior to the date of the petition.
21  Basically it is the transfer date that Mr. Dickenson has raised on behalf of the
22  Defendants. Rule 12(c) of the Federal Rules of Civil Procedure, made applicable to
23  adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy
24  Procedure, provides in material part:
25  After the pleadings are closed – but early enough not to delay

3

1  trial – a party may move for judgment on the pleadings.

2  Both of you have set forth the standards for a Rule 12(c) judgment on the pleadings in

3  your briefs and I am not going to take the time to reiterate what those standards are.

4  This bankruptcy case was filed on June 25, 2007. Count XII of the

5  Amended Complaint avers that the Conditional Extension Agreement, Escrow

6  Agreement, and the four Quit Claim Deeds placed into escrow on March 27, 2007,

7  constitute a transfer in and of themselves that is avoidable by the Debtor under

8  § 544(b) utilizing provisions of Tennessee's Uniform Fraudulent Transfer Act,

9  Tennessee Code Annotated §§ 66-3-305 and 306. The Plaintiff avers that this is a

10  stand-alone transfer that occurred on March 27, 2007, some 90 days before the

11  commencement of the bankruptcy case on June 25, 2007. I do not see any argument

12  to support the Defendants' contention that the Plaintiff avers this to have been a post-

13  petition transfer.

14  Count XIII is different. Count XIII seeks to avoid under § 544(b),

15  utilizing, again, Tennessee Code Annotated §§ 66-3-305 and 306, the transfer effected

16  by the registration in the Sevier County Register of Deeds Office of the Quit Claim

17  Deeds when they were pulled out of escrow on September 18, 2007, after I dismissed

18  the underlying bankruptcy case on September 17, 2007. Clearly, the September 18,

19  2007 registration of those four Quit Claim Deeds occurred post-petition in the sense

20  that it occurred after the Debtor filed its Chapter 11 petition on June 25, 2007. Now,

21  as you gentlemen are aware from your bankruptcy practice, when a bankruptcy case

22  is filed, as it was on June 25, 2007, all the property of the Debtor becomes property

23  of the estate pursuant to 11 U.S.C. § 541. So as of June 25, 2007, this Sevier County

24  acreage, the Webb Mountain property that is the subject of this adversary proceeding,

25  became property of the bankruptcy estate.

Section 544 is discussed in my 2000 decision in *Branam*, reported at 247 B.R. 440, which is, in turn, discussed by the Sixth Circuit Bankruptcy Appellate Panel in its 2007 unpublished decision in *Troutman Enterprises, Inc.*, referred to at 356 B.R. 786. The unpublished version can be located at 2007 WL 205640. Both *Troutman* and *Branam* discuss the fact that § 544 relates to the trustee's, or in this case debtor-in-possession's, power to avoid certain pre-petition transfers. The basis behind that, however, is not because the statute itself says that it only applies pre-petition, but because of the language of § 544, specifically § 544(a), provides that the trustee "may avoid any transfer of property of the debtor." Section 544(b), stating it in another way, provides that "the trustee may avoid any transfer of an interest of the debtor in property." The courts have held that since upon the filing of a bankruptcy petition the property or interest of the debtor becomes "property of the estate" under 11 U.S.C. § 541, § 544, by its terms, may only be used to avoid the transfer of property that is property of the debtor. On the other hand, § 549 steps in to allow the trustee to avoid post-petition transfers of "property of the estate." We now have these two statutes, § 544 governing the avoidance of a transfer of property or of an interest in property "of the debtor," and § 549 governing the avoidance of a transfer of "property of the estate." You did not cite me to any cases nor did I find any cases that deal with the unique facts presented me in this case, those facts being the status of property between the time the bankruptcy case was dismissed, as it was here on September 17, 2007, and the time it was reinstated by the district court's reversal of the dismissal order on February 8, 2008. What was, prior to the September 17, 2007 dismissal, property of the estate, once again became property of the Debtor after dismissal. Had the Webb Mountain property been property of the estate on September 18, 2007, the automatic stay would have prohibited the Defendants from

5

registering the four Quit Claim Deeds. As I discussed, however, in the February 11, 2209 Memorandum, the automatic stay was no longer in effect after the Debtor's case was dismissed. So we have an unusual situation where this acreage in Sevier County, the Webb Mountain property, became, once again, property of the Debtor that falls within the purview, as I see it, of § 544 regardless of the fact that the transfer occurred post-petition. So I find that Count XIII stands. The Defendants can reserve these issues as affirmative defenses in the pretrial order, Mr. Dickenson. I am going to deny the Motion for Judgment on the Pleadings. I think both Counts XII and XIII are well pled and I have dealt with the other issues in the other motions.

An Order consistent with my opinion will be entered this afternoon.

FILED: April 21, 2009

/s/ *Richard Stair, Jr.*
RICHARD STAIR, JR.
U.S. BANKRUPTCY JUDGE

Note:

This transcript contains edits by the court correcting sentence structure and grammatical errors.